Filed 3/14/16  P. v. Trammell CA2/1

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE, Plaintiff and Respondent, v. ELGIN TRAMMELL, Defendant and Appellant. | B263439 (Los Angeles County Super. Ct. No. TA081083) |

APPEAL from an order of the Superior Court of Los Angeles County, Gary Y. Tanaka, Judge.  Affirmed.

Caneel C. Fraser, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

On November 10, 2005, Elgin Trammell pleaded no contest to one count of possession of cocaine base for sale, a felony, in violation of Health and Safety Code section 11351.5. The trial court suspended imposition of sentence and placed Trammell on formal probation for three years. As a condition of his probation, Trammell was required to serve 91 days in jail.

On January 22, 2015, Trammell filed a petition to have his November 10, 2005 felony conviction designated as a misdemeanor pursuant to Penal Code section 1170.18, subdivisions (f)-(i), added by Proposition 47. Under Penal Code section 1170.18, subdivision (f), "A person who has completed his or her sentence for a conviction, whether by trial or plea, of a felony or felonies who would have been guilty of a misdemeanor under this act had this act been in effect at the time of the offense, may file an application before the trial court that entered the judgment of conviction in his or her case to have the felony conviction or convictions designated as misdemeanors." A person convicted of unlawful drug possession under Health and Safety Code section 11350, 11357, or 11377 is eligible to have his or her conviction designated as a misdemeanor (assuming he or she does not have any disqualifying prior convictions). (Pen. Code, § 1170.18, subds. (a) & (f)-(i).) In his petition, Trammell represented his November 10, 2005 conviction was for unlawful drug possession in violation of Health and Safety Code section 11350. In fact, Trammell's November 10, 2005 conviction was for possession of cocaine base for sale in violation of Health and Safety Code section 11351.5, an offense that is still classified today as a felony and does not qualify Trammell for relief under Penal Code section 1170.18, subdivision (f).

On February 19, 2015, the trial court issued an order denying Trammell's petition and explaining the offense for which Trammell was convicted on November 10, 2005 (a violation of Health & Saf. Code, § 11351.5) does "not qualify for relief under Proposition 47."

On April 6, 2015, Trammell filed a notice of appeal from the January 22, 2015 petition. We appointed counsel to represent him on appeal. After examination of the record, counsel filed an opening brief raising no issues and asking this court to review the

record independently pursuant to *People v. Wende* (1979) 25 Cal.3d 436. On December 11, 2015, we advised Trammell that he personally had 30 days to submit any contentions or issues he wished us to consider. We also directed his appointed counsel to send the record and opening brief to Trammell immediately. To date, we have received no response from Trammell.

We have examined the record and are satisfied that Trammell's counsel has complied with her responsibilities and that no arguable issues exist. (*People v. Kelly* (2006) 40 Cal.4th 106, 109-110; *People v. Wende*, *supra*, 25 Cal.3d at p. 441.)

## DISPOSITION

The February 19, 2015 order, denying Trammell's petition under Penal Code section 1170.18 (Proposition 47) is affirmed.

NOT TO BE PUBLISHED.


CHANEY, Acting P. J.


We concur:



JOHNSON, J.



LUI, J.

3